**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE:    ETHICON, INC.,
          PELVIC REPAIR SYSTEM
          PRODUCTS LIABILITY LITIGATION              MDL No. 2327

---

THIS DOCUMENT RELATES TO:

*Drake, et al. v. Ethicon, Inc., et al.*              Civil Action No. 2:12-cv-00747

**<u>MEMORANDUM AND ORDER</u>**

Pending is Defendants' Motion to Dismiss Consortium Plaintiff ("Motion to Dismiss"),

filed October 20, 2015. [ECF No. 38]. Plaintiffs' case is one of 200 cases selected for discovery

as part of the "Ethicon Wave 1 cases," as established by Pretrial Order # 193 ("PTO # 193"). [ECF

No. 27]. Pursuant to PTO #193[1], defendants sought and were granted leave by the court to file this

early dispositive motion. [ECF No. 36]. In the Motion, defendants assert that Mr. Drake, one of

the plaintiffs and the spouse of plaintiff Ms. Drake, must be dismissed from this action based on

Virginia law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs have not

responded to defendants' Motion to Dismiss, and the motion is now ripe for a ruling.

**A.  Choice of Law**

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases.

The choice of law for these pretrial motions depends on whether they concern federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law
> of the circuit in which it is located. When considering questions of state law,
> however, the transferee court must apply the state law that would have applied to
> the individual cases had they not been transferred for consolidation.

---

[1] PTO # 193 was amended by PTO # 195, filed September 11, 2015, and PTO # 205, filed November 20, 2015.
[ECF Nos. 30 and 46].

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (internal citations omitted). To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the jurisdiction where the plaintiffs first filed their claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied."); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010).

If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, however, as the plaintiffs did in this case, I consult the choice-of-law rules of the state in which the plaintiff was implanted with the product. *See Sanchez v. Bos. Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, I will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Drake received the Gynecare TVT$^{\text{TM}}$ implantation surgery in Virginia. Thus, the choice-of-law principles of Virginia guide this court's choice-of-law analysis.

Virginia's choice-of-law principles compel application of Virginia law.  *See Buchanan v. Doe*, 246 Va. 67, 70, 431 S.E.2d 289, 291 (1993) ("The parties agree that under our conflict of law rules:…the law of the place of the wrong determines the substantive issues of tort liability."); *see also Jones v. R.S. Jones & Associates, Inc.*, 246 Va. 3, 5, 431 S.E.2d 33, 34 (1993) ("According to the settled rule, the *lex loci* will govern as to all matters going to the basis of the right of action itself, while the *lex fori* controls all that is connected merely with the remedy… In other words, in

this case, we apply the substantive law of Florida, the place of the wrong, and the procedural law of Virginia." (internal citations omitted)).  Again, Ms. Drake's surgery and alleged subsequent injuries happened in Virginia, and, therefore, this court will apply Virginia's substantive law.

**B.  Analysis**

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  A court reviewing the sufficiency of a complaint must "take the facts in the light most favorable to the plaintiff," but "need not accept legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *Id.* (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship.*, 213 F.3d 175, 180 (4th Cir. 2000)).  Upon reviewing those facts, the court must determine whether the stated claims "give the defendant fair notice of what the . . . claim is and the grounds on which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Furthermore, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Girratano*, 521 F.3d at 302 (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 127 S. Ct. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'").  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]"  *Id.* at 1965.

Under the laws of the State of Virginia, a spouse may not maintain a separate claim for a loss of consortium.  Va. Code Ann. § 55-36 (West) ("In an action by a married woman to recover

for a personal injury inflicted on her she may recover the entire damage sustained including the personal injury and expenses arising out of the injury, whether chargeable to her or her husband, notwithstanding the husband may be entitled to the benefit of her services about domestic affairs and consortium, ….and no action for such injury, expenses or loss of services or consortium shall be maintained by the husband."); *see also Carey v. Foster*, 221 F. Supp. 185 (E.D. Va. 1963), aff'd, 345 F.2d 772 (4th Cir. 1965), *and Villnow v. DeAngelis*, Winfield, 55 Va. Cir. 324 (2001).  Insofar as damages may exist for loss of consortium by the husband, these will be calculated into the damages the wife receives for alleged injury. Va. Code Ann. § 55-36 (West).

## C. Conclusion

Therefore, I **FIND** the defendants' arguments persuasive that, under Virginia law, Mr. Drake could not possibly maintain a claim for a loss of consortium against these defendants. Because such a claim may not be maintained under Virginia law, I need not address whether Mr. Drake's claim was sufficiently plausible to pass muster under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Accordingly, the defendants' Motion to Dismiss is **GRANTED** and Mr. Drake's claim for loss of consortium is **DISMISSED with prejudice** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The court **DIRECTS** the Clerk to send a copy of this order to counsel of record and any unrepresented party.

ENTER:  December 3, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE